IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DAVID D. ELLIS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CASE NO. CV 05-264-C-EJL |
| CITY OF LEWISTON, IDAHO, | ) | |
| a governmental entity, the STATE OF | ) | **REPORT AND RECOMMENDATION** |
| IDAHO, a governmental entity, RICH | ) | **AND ORDER** |
| ADAMSON, STEDVEN SMITH, GENE | ) | |
| MARQUEZ, CRAIG ROBERTS and | ) | |
| LARRY STUCK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>INTRODUCTION</u>

Currently pending before the Court for its consideration are the following motions: (1) Defendants' Motion to Dismiss for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C)(Docket No. 10), filed on March 13, 2006; and (2) Defendants' Motion to Stay Defendants' Pre-Trial Deadlines and Trial Deadlines Pending Resolution of Discovery Dispute (Docket No. 12), filed on March 21, 2006.  The Court will grant Defendants' Motion to Stay for

**Report and Recommendation and Order - Page 1**

the reasons set forth below.  In addition, the Court recommends the dismissal of this action

pursuant to Fed.R.Civ.P 37(b)(2)(C).

## I.
## Motion to Stay

On March 13, 2006, Defendants filed a Motion to Dismiss pursuant to Federal Rule of

Civil Procedure 37(b)(2)(C) as a discovery sanction because Plaintiff has failed to comply with

this Court's Order dated January 25, 2006 directing Plaintiff to provide Initial Disclosures and to

provide Answers and Responses to Defendants' First Set of Interrogatories and Requests for

Production of Documents.  The Court has yet to rule on the Motion to Dismiss.  On March 21,

2006, Defendants filed this Motion to Stay, asking the Court to vacate all deadlines for

Defendants relating to pretrial scheduling matters pending resolution of the Motion to Dismiss

for Sanctions.

The Court will grant Defendants' Motion to Stay as Plaintiff has still failed to cooperate

in the discovery process, which has prevented Defendants from being able to properly prepare its

defenses in this matter.  In addition, as a result of Plaintiff's failure to comply with the discovery

deadlines, Defendants have been severely prejudiced in their ability to comply with the

dispositive motion deadline.  For these reasons, the Court will vacate all deadlines for all pretrial

scheduling matters.  If necessary, the deadlines will be rescheduled in the event that United

States District Judge Edward J. Lodge does not adopt the following Report and Recommendation

by this Court, which recommends the dismissal of this action.

## II.
## Motion to Dismiss for Sanctions

On October 4, 2005, Defendants propounded discovery to Plaintiff after Defendants had already submitted their Initial Disclosures on September 21, 2005.  Plaintiff failed to produce either his Initial Disclosures pursuant to Fed.R.Civ.P 26(a), or his Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents.

After waiting nearly three months for Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents and attempting to contact counsel for Plaintiff to resolve this discovery matter, Defendants filed a Motion to Compel on December 29, 2005.  Plaintiff did not respond to the Motion to Compel and the Court granted Defendants' Motion on January 24, 2006, compelling Plaintiff to respond to all outstanding discovery requests.  According to Defendants, Plaintiff has still failed to comply with this Court's Order. Furthermore, Plaintiff did not respond either Defendants' Motion to Stay or Defendants' Motion to Dismiss.

Courts do not take failure to comply with court orders lightly.  Rule 16(f) provides, in pertinent part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed.R.Civ.P 37(b)(2)(C) provides that if a party fails to obey a court order, the court may "dismiss[ ] the action or proceeding or any part thereof...." Fed.R.Civ.P. 37(b)(2)(C).  In addition, Rule 41(b) provides for involuntary dismissal for "failure of the plaintiff to prosecute or to comply with ... any order of court...." Fed.R.Civ.P. 41(b).  Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the

merits. *See id.*  After weighing the five dismissal factors set forth in *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir.2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Because of Plaintiff's utter failure to comply with the Court's Order compelling Plaintiff to respond to Defendants' discovery requests, or to otherwise prosecute this case, this Court RECOMMENDS that this case be dismissed without prejudice.

### RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that** Defendants' Motion to Dismiss for Sanctions Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C)(Docket No. 10), filed on March 13, 2006, be GRANTED.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

---

[1]The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy
favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." *Bautista*, 216 F.3d at 841 (citation omitted).

**Report and Recommendation and Order - Page 4**

## <u>ORDER</u>

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** Defendants' Motion to Stay Defendants' Pre-Trial Deadlines and Trial Deadlines Pending Resolution of Discovery Dispute (Docket No. 12), filed on March 21, 2006, is GRANTED.



DATED: May 24, 2006

Honorable Mikel H. Williams
United States Magistrate Judge